**Phillip Woods MOORE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. B14–82–00787CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 22, 1983.
Rehearing Denied Jan. 19, 1984.

Stanley Schneider, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This appeal results from a conviction for engaging in organized criminal activity. Appellant entered a plea of guilty and, following the receipt of a pre-sentence investigation report and without an agreed recommendation as to punishment, the court assessed confinement for 60 years. At issue are questions concerning: the refusal to permit appellant to withdraw his guilty plea, use of "extraneous crimes at the punishment phase" of trial, the constitutionality of the statute proscribing the offense, and whether appellant was prosecuted for the correct offense. We affirm.

In his first ground of error, appellant contends the court erred in refusing to permit him to withdraw his guilty plea for the reasons that "he did not understand the purpose, procedures, and use of the pre-sentence investigation." The record of the hearing on appellant's motion to withdraw his plea reveals that at the time he accepted the plea the trial judge admonished appellant as to the effect of the plea and questioned his understanding of the effect thereof. The record shows appellant understood. Additionally, the attorney for appellant at the time the plea was entered testified that he explained the plea to appellant.

Whether to allow the accused to withdraw his plea after the judge has taken the case under advisement or pronounced judgment is within the discretion of the trial judge. In the present case it is clear that the judge found appellant understood his plea at the time it was entered. His refusal to allow him to withdraw his plea was not an abuse of discretion. *Jackson v. State*, 590 S.W.2d 514 (Tex.Crim.App.1979). Appellant's first ground of error is overruled.

In his second ground of error appellant contends he was denied due process by the use of a pre-sentence investigation report to assess punishment without an admonishment as to his right to remain silent. No objection was made in the trial court to the use of the pre-sentence investigation

report. *Ketchum v. State*, 655 S.W.2d 325 (Tex.App.—Houston [14th Dist.] 1983, no pet.). Having waived any objection thereto, the matter is not preserved for appellate review. Appellant's second ground of error is overruled.

In his third ground of error appellant contends he was denied "due process by the state's introduction of extraneous crimes at the punishment phase of his trial for purposes of increasing his punishment." No objection on this basis was made in the trial court. Having consented to the use of the pre-sentence investigation report, appellant cannot now complain about the contents of that report. *Angelle v. State*, 571 S.W.2d 301 (Tex.Crim.App. 1978). No error is shown and this ground of error is overruled.

In his fourth ground of error appellant contends Articles 71.01 and 71.02 of the Texas Penal Code proscribing the offense of engaging in organized criminal activity "are unconstitutionally indefinite, uncertain, vague and overburden [sic]" in violation of the constitutions of both the United States and this state. Although appellant did not make this challenge in the trial court and, in addition, entered a plea of guilty to the offense, there is authority to conclude that this complaint is waived. *James v. State*, 635 S.W.2d 653, 655–656 (Tex.App.—Fort Worth 1982, no pet.). However, since the Court of Criminal Appeals generally permits constitutional issues to be raised for the first time on appeal, we will address the issue.

When the constitutionality of a statute is attacked we begin with the presumption that the statute is valid. *Ex parte Granviel*, 561 S.W.2d 503 (Tex.Crim. App.1978). The party challenging a statute's constitutionality has the burden of proving that point. *Robinson v. Hill*, 507 S.W.2d 521 (Tex.1974). Appellant relies heavily upon *State v. Young*, 62 Ohio State 2d 370, 406 N.E.2d 499 (1980), cert. den. 449 U.S. 905, 101 S.Ct. 281, 66 L.Ed.2d 137, in which the Ohio Supreme Court held the Ohio organized crime statute unconstitutional. The deficiency of that statute was that it permitted prosecution with no other

scienter than the purpose of engaging in *lawful or unlawful* activities of the criminal syndicate. It is readily apparent that the Texas statute does not suffer the same deficiency. Section 71.01 is a definitional Section and 71.02 provides that a person commits an offense if "with the intent to establish, maintain or participate in a combination or in the profits of a combination, *he commits or conspires to commit* one or more" (emphasis added) of the certain enumerated felony offenses. Clearly the Texas statute is limited to unlawful activities. This language readily distinguishes the Texas statute from the Ohio statute. *Lucario v. State,* 658 S.W.2d 835 (Tex.App.—Houston [1st Dist.], 1983). We hold the statute constitutional and overrule appellant's fourth ground of error.

In his fifth ground of error appellant contends he "should have been prosecuted for an attempt to commit or conspiring to commit aggravated robbery instead of the more general offense of engaging in organized criminal activity." This, like three other grounds of error, is not preserved for appellate review as no objection was made in the trial court as a basis for our consideration. No error is presented. Appellant's fifth ground of error is overruled.

The judgment is affirmed.