Sidney BELLAMY, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–82–0052–CR.

Court of Appeals of Texas,
Tyler.

Aug. 29, 1985.

Discretionary Review Granted
Oct. 29, 1986.

Susan Larsen, El Paso, for appellant.

Herbert Hancock, Dist. Atty., Nacogdoches, for appellee.

SUMMERS, Chief Justice.

This is an appeal from a conviction for theft. The jury assessed punishment at five years' confinement, probated for five years, and a fine of $5,000. We affirm.

The record reflects that appellant, Sidney Bellamy, a professor at Stephen F. Austin State University, was also a trader and dealer of secondhand personal property. He bought silver flatware and jewelry from one Billy Wayne Ebarb on several occasions, the last time being on or about February 16, 1981. Darrell Hodney and Curtis Robinson, two companions of Ebarb, were arrested on April 2, 1981. They confessed to several burglaries and stated that they had accompanied Ebarb to sell some of the stolen goods to Bellamy. Justice of the Peace Billy Gresham issued a search and arrest warrant based on the affidavit of Sheriff's Deputy H.R. McDaniel who had interviewed Hodney and Robinson. The search warrant was executed, and Bellamy was arrested and charged with theft.

■ Bellamy raises four grounds of error. First we will address the constitutional issue. In his fourth ground of error, Bellamy contends that TEX.PEN.CODE ANN. sec. 31.03(c)(3) (Vernon 1985)[1] is unconstitutional because it deprives him of due process by shifting the burden of proof from the State to the defendant.[2] The statute provides that dealers in secondhand personal property must obtain certain information from those with whom they trade when paying twenty-five dollars or more for the property. If the dealer fails to comply with the statute, he is presumed to know that the property is stolen. The presumption is designed to aid in the prosecution of "fences." It is an evidentiary tool which helps the trier of fact to determine the existence of an element of the crime, i.e., knowledge that the secondhand property is stolen, from the existence of certain basic facts, i.e., the dealer's failure to obtain the information required by the statute.

■ In *County Court of Ulster Cty. v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979), Justice Stevens wrote, "[I]n criminal cases, the ultimate test of any [presumption's] constitutional validity in a given case remains constant: the [presumption] must not undermine the factfinder's responsibility at trial, based on evidence adduced by the State, to find the ultimate facts beyond a reasonable doubt." 442 U.S. at 156, 99 S.Ct. at 2224. *See In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). That case involved a New York statute[3] which provides, with certain exceptions, that the presence in an automobile of any firearm or similar weapon is presumptive evidence of its possession by *all* persons occupying such automobile at the time such weapon is found. The court analyzed the constitutionality of the statute by recognizing two types of pre-

---

1. Sec. 31.03(c)(3) and (4) reads as follows:

   (c) For purposes of Subsection (b)(2) of this section:

   . . . . .

   (3) an actor engaged in the business of buying and selling used or secondhand personal property, or lending money on the security of personal property deposited with him, is presumed to know upon receipt by the actor of stolen property (other than a motor vehicle subject to Article 6687–1, Vernon's Texas Civil Statutes) that the property has been previously stolen from another if the actor pays for or loans against the property $25 or more (or consideration of equivalent value) and the actor knowingly or recklessly:

   (i) fails to record the name, address, and physical description or identification number of the seller or pledgor;

   (ii) fails to record a complete description of the property, including the serial number, if reasonably available, or other identifying characteristics; or

   (iii) fails to obtain a signed warranty from the seller or pledgor that the seller or pledgor has the right to possess the property. It is the express intent of this provision that the presumption arises unless the actor complies with each of the numbered requirements.

   (4) for the purposes of Subparagraph (i) above, 'identification number' means driver's license number, military identification number, identification certificate, or other official number capable of identifying an individual.

2. Although Bellamy failed to attack the constitutionality of the statute at trial, this is generally not a bar to raising it for the first time on appeal. *Moore v. State*, 672 S.W.2d 242, 243 (Tex.App.—Houston [14th Dist.] 1984, no pet.).

3. N.Y. Penal Law § 265.15(3) (McKinney 1967).

sumptions. The first is the entirely permissive presumption which allows the trier of fact to infer that an element of the offense exists. The trier of fact uses the presumption as any other piece of evidence. After weighing all the facts, the fact-finder *may* presume the ultimate fact exists. The second type of presumption is the mandatory presumption. It *requires* the trier of fact to find that an element of the crime exists if the State proves the basic facts. In essence, the fact-finder has no choice under a mandatory presumption; if the basic facts are proven, the fact-finder *must* find that the element of the crime exists. Justice Stevens continued his analysis of the New York statute by stating, "To the extent that the trier of fact is forced to abide by the presumption, and may not reject it based on an independent evaluation of the particular facts presented by the State, the analysis of the presumption's constitutional validity is logically divorced from those facts and based on the presumption's accuracy in the run of cases." *Allen, supra* 442 U.S. at 159, 99 S.Ct. at 2226. Whether a statutory presumption is permissive or mandatory as applied to a particular case largely depends on the manner in which the presumption is presented to the jury in the charge. Additionally, to be held constitutionally valid, a statutory presumption must have a rational connection between the basic fact proved and the ultimate fact presumed. *See Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969); *Tot v. United States*, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943). In *Allen*, the Supreme Court determined that the presumption in the New York statute was permissive and that it was reasonable to presume that all people occupying a car could be in possession of a firearm located in that car. Therefore, the Court held that the statute was constitutional.

■ In the case at bar, the court's charge to the jury states, "... before such presumption may be indulged by the jury, it must find from the evidence beyond a reasonable doubt, that the property was stolen from another person. It is the exclusive province of the jury to determine whether the facts and circumstances shown by the evidence in the case warrants such presumption, *but the jury is not bound to so find.*" (Emphasis added.) The charge also included an instruction regarding the use of a statutory presumption as provided in TEX.PENAL CODE ANN. sec. 2.05 (Vernon Supp.1985). In view of the court's charge, we do not believe the jury was required to presume Bellamy knew the property was stolen once the State proved that he failed to obtain the information required by the statute. The jury was instructed to consider all the evidence to determine whether Bellamy knew the property was stolen. Under the court's charge, the jury was free to ignore the presumption and acquit Bellamy.

The statutory presumption in question is also reasonable. There is a rational connection between a used-goods dealer's knowledge that the property is stolen and his failure to record the name, address, and physical description of the person from whom he is buying the goods or his failure to determine whether the seller has lawful possession of the property. Therefore, the presumed fact is more likely than not to flow from the proved fact on which it depends. *See Leary v. United States, supra.* We hold that sec. 31.03(c)(3) and (4) is constitutional as applied in this case. Bellamy's fourth ground of error is overruled.

■ In appellant's first ground of error, he complains that the trial court erred in not suppressing the evidence seized under the search warrant because the magistrate who issued it was not detached and neutral. After reviewing the evidence, we do not believe the justice of the peace violated his neutral and detached status by accompanying the officers to the scene of the search and arrest. Although it is not proper procedure for a magistrate to accompany officers to the scene of a search, the evidence in the instant case reflects the justice of the peace was merely an observer and not a participant in the search. The facts of this case are distinguishable from *Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319, 99 S.Ct. 2319, 60 L.Ed.2d 920 (1979), cited by appellant.

In his second ground of error, appellant contends the trial court erred in not suppressing the evidence seized under the warrant because the supporting affidavit does not establish probable cause after the false statements which were allegedly made deliberately or recklessly are excised. The trial court granted appellant's request for a hearing in compliance with *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Bellamy's motion to suppress contained specific references to falsehoods in the affidavit which Bellamy claims were made deliberately or with reckless disregard for the truth. The trial court overruled the motion to suppress after the Franks hearing. The evidence reveals that Hodney, Robinson and Ebarb went to Bellamy's residence to sell the stolen property. Ebarb got out of the car, went into the house, and sold the stolen property to Bellamy. Hodney and Robinson remained in the car. The affidavit was based on the affiant's interviews with only Hodney and Robinson. The affidavit stated "that they [Hodney and Robinson] went to the suspected residence ... and sold the items...." Appellant complains this is a deliberate or reckless false statement by the affiant which should be excised before determining if probable cause exists. We do not agree. It is apparent from the evidence that the group (Hodney, Robinson and Ebarb), not just Ebarb, were involved in the sale.

Bellamy contends that the affidavit contains other material misrepresentations, to-wit: "These subjects [Hodney and Robinson] also separately named and described the property taken in the burglary which match exactly the report made by Mrs. Lee." The evidence reveals that Hodney and Robinson separately identified the property they stole in general terms and, after looking at the report of the stolen property made by Mrs. Lee, they identified it as the property they sold to appellant. We do not find such to be a reckless or false statement which the court should have excised. Having reviewed the evidence offered, we find the court did not err in overruling appellant's motion. Appellant's second ground of error is overruled.

In his third ground, appellant contends the court erred in not suppressing evidence seized under a search warrant because the supporting affidavit did not articulate underlying circumstances of reliability for every level of hearsay therein. The affidavit contains statements made by Hodney and Robinson which assert that they sold the property to Bellamy. Because the evidence shows that only Ebarb went into the house to sell the property, Bellamy contends these statements are hearsay and do not establish probable cause. We do not agree. We further hold the affidavit is sufficient under the "totality of the circumstances test" as set forth in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Appellant's third ground of error is overruled.

The judgment of the trial court is affirmed.

