NO. 12-02-00179-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


DANNY JOE DEARING,
§
 APPEAL FROM THE 371ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 TARRANT COUNTY, TEXAS






MEMORANDUM OPINION


 Danny Joe Dearing ("Appellant") pleaded guilty to the offense of indecency with a child and
was sentenced to ten years of imprisonment. In one issue, Appellant argues that the State failed to
prove that Appellant was "criminally responsible" for committing extraneous offenses that were
contained in the trial court's pre-sentencing investigation report ("PSI"). We affirm. 


Background

 On August 7, 1997, Appellant was indicted for indecency with a child, a second-degree
felony, and he pleaded guilty to the charge on November 11, 2001. During Appellant's plea hearing,
the trial court ordered the probation department to complete a PSI in order to take into account
Appellant's social and criminal history before his sentencing hearing. (1) The PSI was completed on
May 1, 2002 and contained not only statements from the victim regarding the offense, but statements
from other women who also claimed that Appellant had sexually assaulted them in the past. These
alleged victims made statements such as "do not turn him loose," "he has never stopped and never
will stop," and "I think he's a pervert." 

 On June 3, the trial court heard the parties' arguments regarding sentencing. At the beginning
of the hearing, the trial court admitted, without objection by Appellant, the PSI, written plea
admonishments, and sex offender registration admonishments. During the hearing, the State argued
that Appellant should be sentenced to no less than twelve years of imprisonment; Appellant's
counsel contended that he should not be imprisoned but should receive ten years of probation. 

 At the conclusion of the hearing, the trial court found Appellant guilty and asked if there was
any legal reason why sentence should not be imposed. After Appellant's counsel informed the court
that there was no legal reason why sentence should not be imposed, the trial court sentenced
Appellant to ten years of imprisonment.

 In one issue, Appellant contends that he is entitled to have his guilty plea withdrawn and his
case remanded for a new trial because the State did not prove beyond a reasonable doubt that he
committed the extraneous offenses as described in the PSI. 


Burden of Proving Extraneous Offenses Alleged in a PSI

 We first note that in order to preserve an error for appellate review, the record must
demonstrate that 1) a complaint was made to the trial court by a timely request, objection, or motion
stating the grounds for the ruling sought by the complaining party and 2) that the trial court expressly
or implicitly ruled or refused to rule on the request, objection, or motion and the complaining party
objected to the trial court's refusal to rule. Tex. R. App. P. 33.1. In the instant case, the PSI was
admitted into evidence without any objection by Appellant's counsel. When the trial court asked
Appellant's counsel if there was any legal reason why sentence should not be imposed, Appellant's
counsel answered "no." Appellant failed to object to the introduction of the PSI into evidence;
therefore, any objection he has to the contents of the PSI is waived. See Moore v. State, 672 S.W.2d
242, 243 (Tex. App.-Houston [14th Dist.] 1983, no pet.) (failure to object to PSI or its contents
results in waiver of argument on appeal).

 Even absent waiver, Appellant's argument still fails. Before sentencing, the court must
permit the defendant or his counsel to read the PSI. Tex. Code Crim. Proc. Ann. art. 42.12, § 9(d)
(Vernon Supp. 2003). The court must allow the defendant or his counsel to comment on the PSI and
may allow the defendant to introduce testimony or other information alleging a factual inaccuracy
in the PSI. Tex. Code Crim. Proc. Ann. art. 42.12, § 9(e) (Vernon Supp. 2003). The defendant,
not the State, bears the burden of proving that 1) the information contained in a PSI was materially
inaccurate and 2) the trial court relied on inaccurate information. Garcia v. State, 930 S.W.2d 621,
623-24 (Tex. App.-Tyler 1996, no pet.). The sentencing judge is not precluded from using the PSI
even if it contains hearsay information. Id. at 624 (citing Nicolopulos v. State, 838 S.W.2d 327, 328
(Tex. App.-Texarkana 1992, no pet.)). 

 In the instant case, the reporter's record reflects that Appellant did not introduce any evidence
to meet his burden that 1) the statements from the alleged victims were inaccurate, and 2) the trial
court relied on the inaccurate information when sentencing him. Accordingly, Appellant's sole issue
is overruled.

 The judgment of the trial court is affirmed.

 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered May 21, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.







(DO NOT PUBLISH)



1. Section 9(a) of article 42.12 of the Texas Code of Criminal Procedure mandates that the trial court direct a
supervision officer to write a report stating 1) the circumstances of the defendant's offense, 2) the amount of
restitution necessary to compensate the victim, 3) the defendant's criminal and social history, and 4) any other
information relating to the defendant or the offense requested by the judge. Tex. Code Crim. Proc. Ann. art. 42.12,
§ 9(a) (Vernon Supp. 2003).