# NOS. 12-09-00320-CR
# 12-09-00321-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANDREW CHRISTOPHER AYBAR,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH  COUNTY, TEXAS* |

### MEMORANDUM OPINION

Andrew Aybar appeals his convictions for engaging in organized criminal activity and aggravated robbery, for which he was sentenced to imprisonment for forty years for each offense. In one issue, Appellant argues that the trial court erred in considering Appellant's gang involvement, which Appellant contends is unsupported by the evidence. We affirm.

### BACKGROUND

Appellant was charged by separate indictments with engaging in organized criminal activity and aggravated robbery. The indictment for engaging in organized criminal activity further alleged that Appellant committed the offense as a member of a criminal street gang. Appellant pleaded "guilty" as charged to each offense. Appellant further pleaded "true" to the allegation that he committed the offense as a member of a criminal street gang. Thereafter, the State admitted into evidence the plea packets containing, among other things, Appellant's written stipulation of evidence. The trial court found that there was sufficient evidence to substantiate Appellant's "guilty" plea and proceeded to conduct a trial on punishment.

At the trial on punishment, the trial court took judicial notice of the contents of Appellant's presentence investigation report ("PSI"). Following the presentation of evidence and argument of

counsel, the trial court found Appellant "guilty" as charged and assessed Appellant's punishment at imprisonment for forty years in each cause. This appeal followed.

**GANG MEMBERSHIP**

Appellant sets forth as his sole issue that the trial court erred in considering the State's argument concerning Appellant's gang involvement when any gang involvement by Appellant was not supported by the evidence. However, from our reading of Appellant's argument in support of his sole issue, the thrust of Appellant's issue becomes uncertain. Specifically, it is not clear from Appellant's brief whether Appellant is arguing that (1) his guilty plea is not supported by sufficient evidence that he committed the offense as a member of a criminal street gang, (2) evidence of his membership in a street gang was improperly admitted by the trial court, or (3) the State engaged in improper argument with regard to Appellant's gang affiliation when there was no evidence of any gang affiliation on Appellant's part.

Texas Rule of Appellate Procedure mandates that a brief contain a clear and concise argument for the contentions made. *See* TEX. R. APP. P. 38.1(i). Even construed liberally, Appellant's brief does not comport with rule 38.1(i)'s requirement of clarity. *Id.*; *see also Benitez v. State*, No. 12-04-00156-CR, 2003 WL 475297, at *5 (Tex. App–Tyler Feb. 28, 2006, no pet.) (mem. op., not designated for publication) (failure to adequately brief issue by an appellant effects a waiver of issue on appeal). As such, we hold that Appellant waived the issue. Yet even if we assume arguendo that Appellant made each of the aforementioned arguments in compliance with rule 38.1(i), the outcome would not differ.

**Evidence in Support of Guilty Plea**

Pursuant to article 1.15 of the Texas Code of Criminal Procedure, the state must offer sufficient proof to support any judgment based on a guilty or nolo contendere plea in a felony case tried to the court. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15 (Vernon 2005); *Ex parte Williams*, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986); *Keller v. State*, 125 S.W.3d 600, 604 (Tex. App.–Houston [1st Dist.] 2003), *pet. dism'd, improvidently granted*, 146 S.W.3d 677 (Tex. Crim. App. 2004). The state must "introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same." *See*

TEX. CODE CRIM. PROC. ANN. art. 1.15; *see Keller*, 125 S.W.3d at 604. "A conviction rendered without sufficient evidence to support a guilty plea constitutes trial error." *Menefee v. State*, 287 S.W.3d 9, 14 (Tex. Crim. App. 2009). The state, however, is not required to prove the defendant's guilt beyond a reasonable doubt; the supporting evidence must simply embrace every essential element of the charged offense. *McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.–Dallas 2006, no pet.). Furthermore, there is no requirement that evidence admitted at guilt/innocence be reoffered to be considered at punishment. *See Buchanan v. State*, 911 S.W.2d 11, 13 (Tex. Crim. App. 1995).

To provide sufficient evidence, the state must enter into the record a showing of each essential element of the offense charged. *Breaux v. State*, 16 S.W.3d 854, 857 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd). The "[e]vidence offered in support of a guilty plea may take many forms." *Menefee*, 287 S.W.3d at 13. The evidence may be stipulated if the defendant consents in writing, in open court, to waive the appearance, confrontation, and cross examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony or to the introduction of testimony by affidavits, written statements by witnesses, and any other documentary evidence in support of the judgment of the court. TEX. CODE CRIM. PROC. ANN. art. 1.15.

A defendant who pleads guilty does not need to concede to the veracity of the evidence to which he stipulates, but if he does, the court will consider the stipulation to be a judicial confession. *See Stone v. State*, 919 S.W.2d 424, 426 (Tex. Crim. App. 1996); *Barnes v. State*, 103 S.W.3d 494, 497 (Tex. App.–San Antonio 2003, no pet.); *Wright v. State*, 930 S.W.2d 131, 133 (Tex. App.–Dallas 1996, no pet.). "A judicial confession alone is sufficient evidence to sustain a conviction upon a guilty plea under article 1.15." *Stewart v. State*, 12 S.W.3d 146, 148 (Tex. App.–Houston [1st Dist.] 2000, no pet.) (citing *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979)).

Here, Appellant made valid, written stipulations of evidence in which he admitted that he committed each and every element of the offenses of engaging in organized criminal activity, including the element of committing the offense as a member of a criminal street gang, and aggravated robbery. Appellant also agreed to the veracity of the facts comprising his stipulations. In each stipulation, Appellant consented in writing, in open court, to waive the appearance, confrontation, and cross examination of witnesses. Appellant further consented to the testimony of these witnesses being stipulated into the record by the State's attorney and to the introduction of

testimony by affidavits, written statements of witnesses, and any other documentary evidence that may be introduced by the State. Appellant's written stipulations are each signed by Appellant, his trial counsel, and the trial judge. *See McClain v. State,* 730 S.W.2d 739, 742 (Tex. Crim. App. 1987) (trial court must approve defendant's waiver of appearance, confrontation, and cross examination of witnesses and his consent to oral stipulations of testimony or introduction of testimony in written form). Based on our review of Appellant's written stipulations, we conclude that they were valid and properly considered by the trial court to be valid judicial confessions. *See Stone*, 919 S.W.2d at 426. A valid judicial confession is sufficient to sustain a conviction upon a guilty plea under article 1.15. *See Stewart*, 12 S.W.3d at 148; *Edison*, 253 S.W.3d at 305. Therefore, the State carried its evidentiary burden of proving Appellant guilty of engaging in organized criminal activity, including the element that Appellant committed the offense as a member of a criminal street gang, and aggravated robbery under Texas Penal Code, sections 71.02 and 29.03 respectively.

## Admissibility of Evidence

To preserve error in the admissibility of evidence, a defendant must lodge a timely and specific objection. *See Martinez v. State*, 22 S.W.3d 504, 507 (Tex. Crim. App. 2000); *see also* TEX. R. APP. P. 33.1(a). For the objection to be considered timely, it must be lodged at the earliest opportunity or as soon as the ground for the objection becomes apparent. *See Polk v. State*, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987). Failure to object in such a timely fashion "signals a willingness to allow the evidence despite its objectionable nature." *Id.* at 754. When an accused fails to timely object, the state is entitled to rely on that apparent willingness as it proceeds to marshal the remainder of its evidence in presenting its case to the fact finder. *Id.* In essence, what is at work is a kind of estoppel notion: an accused will not be heard retroactively to complain of admission of evidence he was apparently content to have admitted at the time. *Id.* Moreover, a defendant's failure to object to the introduction into evidence of the PSI report waives any objection he has to the contents of the report. *See Moore v. State*, 672 S.W.2d 242, 243 (Tex. App.–Houston [14th Dist.] 1983, no pet.); *see also Dearing v. State*, 12-02-00179-CR, 2003 WL 21191168, at *1 (Tex. App.–Tyler May 21, 2003, no pet.) (mem. op., not designated for publication) (failure to object to PSI or its contents results in waiver of argument on appeal).

In the instant case, the State offered Appellant's stipulations into evidence. Appellant

specifically stated that he had "no objection" to the admissibility of this evidence. Furthermore, Appellant did not offer any objection to the contents of the PSI that comports with any interpretation of his argument on appeal. Consequently, Appellant has waived the issue of admissibility of evidence concerning his gang membership.

**Improper Argument**

In order to preserve error for improper argument, the appellant must (1) object on specific grounds, (2) request an instruction that the jury disregard the comment, and (3) move for a mistrial. *See* **Harris v. State**, 784 S.W.2d 5, 12 (Tex. Crim. App. 1989); **Head v. State**, No. 12-08-00385-CR, 2010 WL 177779, at *2 (Tex. App.–Tyler Jan. 20, 2010, pet. ref'd) (mem. op., not designated for publication). In the case at hand, Appellant failed to make any objection to the State's closing argument. Accordingly, Appellant has waived the issue on appeal.

**Holding**

Appellant waived his sole issue for his failure to adequately brief it. Even had Appellant complied with the briefing requirements of rule 38.1(i), his guilty plea was supported by the evidence and he failed to preserve error concerning the admissibility of and prosecutorial argument concerning gang evidence. Appellant's sole issue is overruled.

### DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgments.

BRIAN HOYLE
Justice

Opinion delivered August 11, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

5