Opinion issued May 12, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00216-CR

———————————

Stacey Lavett Davis,
Appellant

V.

The State of Texas, Appellee



 



 

On
Appeal from the 268th District Court

Fort
Bend County, Texas



Trial Court Case No. 51537

 



 

MEMORANDUM OPINION

Appellant, Stacey Lavett Davis, was
charged by indictment with fraudulent use or possession of identifying
information.[1]  Appellant pleaded guilty without an agreed
recommendation as to punishment.  After a
presentence investigation report was prepared, the trial court assessed
punishment at 2 years’ confinement in a state jail.  In two issues, appellant argues (1) the sentence
imposed was based on erroneous information in the presentence investigation
report and (2) the evidence was insufficient to support the trial court’s
imposition of the maximum sentence allowed by law and violated the Eighth
Amendment gross-disproportionality standard.

We affirm.

                                                                                                                                                                
Background

Appellant used another woman’s social security and
driver’s license numbers in an application to rent an apartment.  After she failed to pay rent on the
apartment, the amount owed was turned over to a collection agency.  As a result, the complainant became aware of
the matter and notified the Fort Bend County Sherriff’s Office.  An investigation began that lead to
appellant’s indictment.

Appellant pleaded guilty without an agreed recommendation
as to punishment.  The trial court ordered
a presentence investigation report and continued the punishment hearing until
after the report was prepared.

At the punishment hearing, appellant stated that she had
objections to certain factual information contained in the presentence
investigation report.  The trial court
told the parties that the objections could be raised during the course of the
hearing.

The State introduced into evidence appellant’s written
guilty plea, the presentence investigation report, and the lease appellant
signed containing the fraudulent identifying information.  The State also presented the complainant’s
testimony.  When the State offered the
presentence investigation report, the trial court asked appellant if there were
any objections.  Appellant’s counsel
responded, “No objection, Your Honor.”

After the State rested, appellant did not present any
witnesses or offer any other evidence. 
Instead, appellant’s counsel stated he had “[o]nly argument, Your Honor,
no witnesses.”  The trial court then
proceeded without objection to closing arguments.  After the State gave its closing arguments,
appellant’s counsel began his closing argument by stating for the first time
what his objections were to certain factual information contained in the
presentence investigation report. 
Appellant’s counsel did not ask for and did not receive any ruling on
his objections.

After closing arguments, the trial court assessed
punishment at two years’ confinement in a state jail, the maximum confinement
allowed in the applicable sentencing range.[2] 

                                                                                                              
The Presentence Investigation Report

In her first point of error, appellant argues that the
sentence imposed was based on erroneous information in the presentence
investigation report.  The State argues
that this complaint was not preserved for appeal and any objections have been
waived.  We agree.

When a presentence investigation report has been prepared,
the defendant has the opportunity to “introduce testimony or other information
alleging a factual inaccuracy in the investigation or report.”  Tex.
Code Crim. Proc. Ann. art. 42.12 § 9(e) (Vernon Supp. 2010).  To preserve error for appellate review, the
complaining party must timely and specifically object to the evidence and
obtain a ruling. See Tex. R. App. P. 33.1(a); see also Tex. R. Evid. 103(a)(1). 
Failure to object to the use of a presentence investigation report
waives any complaints about the contents of the report.  Moore
v. State, 672 S.W.2d 242, 243 (Tex. App.—Houston [14th Dist.] 1983, no
writ) abrogated on other grounds by
Karenev v. State, 281 S.W.3d 428 (Tex. Crim. App. 2009).

Appellant specifically stated she had no objection to the
introduction of the presentence investigation report into evidence.  After the State rested during the punishment
hearing, appellant presented no testimony or other evidence relating to any
errors in the report.  It was not until
closing arguments that appellant identified any complaints about the accuracy
of any information contained in the report. 
Argument of counsel, however, is not evidence.  See
Hutch v. State, 922 S.W.2d 166, 173 (Tex. Crim. App. 1996).  Nor did appellant attempt to obtain a ruling
on any of her objections.  See Tex.
R. App. P. 33.1(a); see also Tex. R. Evid. 103(a)(1).  Because no evidence was presented to establish
any inaccuracies in the presentence investigation report and because appellant
did not obtain any rulings on her objections to certain portions of the report,
we hold that this issue has not been preserved for appeal and any objections
have been waived.

We overrule appellant’s first point of error.

                                                                
Evidentiary Sufficiency of Assessing Maximum
Punishment

In her second point of error, appellant argues the
evidence was “insufficient to support the maximum sentence allowable by law”
and her sentence violates “the Eighth Amendment gross-disproportionality
standard.”

A.              
Standard of Review & Applicable Law

“Generally, the factfinder’s decision of what particular
sentence to assess is a ‘normative, discretionary function’ that does not depend
on the resolution of specific facts.”  Jordan v. State, 256 S.W.3d 286, 291
(Tex. Crim. App. 2008).  The factfinder’s
discretion to impose any punishment within the prescribed range is essentially
unfettered.  Ex parte Chavez, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006).  “Subject only to a very limited, ‘exceedingly
rare,’ and somewhat amorphous Eighth Amendment gross-disproportionality review,
a punishment that falls within the legislatively prescribed range, and that is
based upon the sentencer’s informed normative judgment, is unassailable on
appeal.”  Id. at 323–24.

Under the Eighth Amendment of the United States
Constitution, “a state criminal sentence must be proportionate to the crime for
which the defendant has been convicted.” 
Baldridge v. State, 77 S.W.3d
890, 893 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d).  We must first review the record to make a
threshold comparison of the gravity of the offense against the severity of the
sentence.  McGruder v. Pucket, 954 F.2d 313, 316 (5th Cir. 1992).  “Only if we infer that the sentence is
grossly disproportionate to the offense will we then . . . compare
the sentence received to (1) sentences for similar crimes in the same
jurisdiction and (2) sentences for the same crime in other jurisdictions.”  Id.  

B.              
Analysis

Appellant argues that her sentence is grossly
disproportionate to the offense because the sentence was based on erroneous
information in the presentence investigation report.  Because we have already overruled appellant’s
argument concerning errors in the presentence investigation report, this cannot
be a basis for determining gross-disproportionality in her sentence.  Additionally, we note that, although
plaintiff alleges the trial court assessed “the maximum sentence allowable by law,”
the trial court did not assess a fine against appellant even though the law
allows for a fine up to $10,000.  See Tex.
Penal Code Ann. § 12.35(b) (Vernon Supp. 2010).

The record reflects that appellant was charged in 1996
with the felony offense of theft of property, convicted, and placed on
community supervision for the offense. 
In 1999, appellant was convicted of the misdemeanor offense of theft by
check.  In 2009, appellant was charged
with forgery of a financial instrument, convicted, and placed on community
supervision.

In the instant case, when appellant began her interview
with the police, she denied that she had any involvement in obtaining the
complainant’s personal information or that she even knew the information was on
the application.  Later, she admitted to
knowing the information was on the application but continued to deny that she
had any involvement in obtaining the information.  Instead, she insisted that information was
provided by the apartment manager working for the complex at the time.

Appellant was asked during the interview how she felt
about her previous offenses.  Appellant
responded that she thought her actions were necessary to get the things she
wanted.  For the current offense,
appellant admitted that she had only been concerned for herself and had not
thought about how her actions would affect anyone else.  Appellant did state, though, that she was now
remorseful for her actions.

The presentence investigation report concludes that
appellant’s “risk factors for re-offending were high.”  The factors considered in assessing risk
included numerous address changes within the previous year, numerous job
changes within the previous year, and her prior adjudications of guilt.

The complainant testified that her credit rating had been
affected when the collection agency reported the rental default.  She also testified that she and her husband
had plans to buy a house, which required a good credit rating.  The complainant testified that she had to
spend over a month trying to get the fraud corrected and that she remains
afraid that appellant will misuse her information again or provide it to
someone else who will misuse it.

Based on the foregoing, we hold that the trial court’s
assessment of the maximum confinement of two years is not grossly-disproportionate
to the offense.  We overrule appellant’s
second point of error.

                                                                                                                                                                   
Conclusion

We affirm the judgment of the trial court.

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices Jennings, Higley, and Brown.

Do not publish.   Tex. R.
App. P. 47.2(b).











[1]           See Tex. Penal Code Ann. § 32.51(b)
(Vernon Supp. 2010).





[2]           See Tex. Penal Code Ann. § 12.35(a)
(Vernon Supp. 2010) (setting confinement range for state jail felony between
180 days and two years), § 32.51(c) (setting offense as state jail felony
if number of items used is less than five).