**Kenneth STEWART, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–99–00868–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 27, 2000.

Larry P. Urquhart, Brenham, for Appellant.

Chad E. Bridges, Hempstead, for State.

Panel consists of Justices COHEN, TAFT, and SMITH.[1]

## OPINION

TIM TAFT, Justice.

Appellant, Kenneth Stewart, Jr., pled guilty to burglary of a habitation with intent to commit theft. The trial court sentenced him to five years in prison. We address whether reversible error occurred when the stipulated evidence supporting the guilty plea was not signed by the trial court in compliance with article 1.15 of the Code of Criminal Procedure, but appellant later judicially confessed. We affirm.

### Facts

Appellant waived his right to a jury trial and entered a guilty plea. The State offered State's exhibit 1, which included a stipulation of evidence. This was the only evidence offered by the State at the guilt/innocence phase. The stipulation was not signed by the trial court. The trial court confirmed that there was no agreement concerning punishment. The trial court then found appellant guilty of burglary of a habitation and recessed the case for a later punishment hearing, after the presentence investigation report was completed.

### Stipulation of Evidence

Texas Code of Criminal Procedure article 1.15 requires "the State to introduce evidence into the record showing the guilt of the defendant." Tex.R. Crim

---

1. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

P. ANN. art. 1.15 (Vernon Supp.2000). The evidence may be stipulated by the defendant. *Id.* However "[s]uch waiver and consent [to stipulations] must be approved by the court in writing, and be filed in the file of the papers of the cause." *Id.* This statute is mandatory and should be strictly followed. *McClain v. State*, 730 S.W.2d 739, 742 (Tex.Crim.App.1987). Under article 1.15, the stipulation becomes a "writing of the court" only when the trial court places his signature on the consent to stipulate. *Id.* A judgment based on a stipulation that has been presented without the judge's signature, in violation of the statute, is fundamental error that requires reversal, but not acquittal. *Id.* at 743; *Young v. State*, 648 S.W.2d 6, 7 (Tex.Crim. App.1983). The consent of the accused to stipulate is what must be approved in writing by the court, and not the stipulations. *McClain*, 730 S.W.2d at 742. Moreover, failure to comply with this mandatory statute cannot be waived by the accused. *Id.* at 743.

■ In his sole issue presented, appellant argues that, because the State's only evidence did not comply with article 1.15, the evidence was insufficient to support the conviction. While State's exhibit 1 was the only evidence the State offered, other evidence supports appellant's guilt. Appellant's conviction can still be affirmed if there is other evidence in the record to support the guilty plea. *Id.; see also Parks v. State*, 960 S.W.2d 234, 236 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd). A judicial confession alone is sufficient evidence to sustain a conviction upon a guilty plea under article 1.15. *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex.Crim.App.1979). The judicial confession may take the form of an affirmative acknowledgment by the defendant that the indictment was true and correct. *Id.* at 352.

■ During the punishment phase, appellant admitted he was the lookout during the burglary, that he was just as guilty as the person who broke into the habitation, but that he deserved a lighter sentence than his co-defendant. These statements by appellant constitute a judicial admission sufficient to support a guilty plea. *See Dinnery*, 592 S.W.2d at 352–53.

■ Appellant argues that this judicial confession is insufficient because he, and not the State, introduced this testimony. Appellant argues, "The clear language of Article 1.15 requires that the evidence on which the court relies to find a defendant guilty must be introduced by the State." Appellant cites no authority for this proposition. Admittedly, the statute contemplates that the State introduce evidence of a defendant's guilt, and this is the usual routine. We hold that the State is relieved of that burden, however, where a defendant admits guilt and provides the evidence necessary to satisfy article 1.15. The purpose of article 1.15 is to provide a future record of support for the plea against federal habeas corpus attack. *See* TEX.CODE CRIM. P. ANN. art. 1.15 (Vernon 1977) (Special Commentaries by Hon. W.A. Morrison and Hon. John F. Onion, Jr.). Whichever party submits the evidence of a defendant's guilt, the purpose of the statute is satisfied as long as the record reflects supporting evidence. We have previously relied on evidence offered by the defendant when the trial court did not sign the consent to stipulate. *See Parks*, 960 S.W.2d at 238. Consequently, we find appellant's argument unpersuasive.

■ Appellant further argues that his judicial confession is insufficient because it was made during the punishment phase instead of the guilt/innocence phase of the trial. Again, appellant cites no authority for the proposition that all evidence in support of a guilty plea must be made before the beginning of the punishment phase of the trial. To the contrary, article 1.15 does not distinguish between evidence offered at the guilt/innocence phase and the punishment phase of the trial. Article 1.15 simply requires that there be evidence in "the record showing the guilt of the defendant." TEX.CODE CRIM. P. ANN. art.

1.15. Whether the evidence comes from the guilt/innocence or punishment phase is inconsequential, provided the evidence is introduced into the record. The evidence introduced by the defendant in *Parks,* upon which we relied to cure an unsigned consent to stipulate, was presented at the punishment phase of trial. *Parks,* 960 S.W.2d at 238. Consequently, we find appellant's argument without merit.

We overrule appellant's sole issue presented.

### Conclusion

We affirm the judgment of the trial court.