NO. 07-01-0382-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 2, 2003

_____

JIM STACY SMITH,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 42,808-E; HON. ABE LOPEZ, PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[1]

Appellant Jim Stacy Smith appeals his conviction of the offense of criminal non-support by contending 1) the evidence is legally insufficient to sustain his conviction, and 2) the evidence is legally insufficient to support a finding against his affirmative defense. We affirm the judgment of the trial court.

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon 1998).

***Issue One - Legal Sufficiency of the Evidence to Support the Conviction***

In his first issue, appellant challenges the legal sufficiency of the evidence to sustain his conviction. We overrule the issue.

The standards by which we review the legal sufficiency of the evidence are well established, and it is unnecessary for us to reiterate them. We cite the parties to *Jackson v. Virginia*, 443 U.S. 307, 309, 99 S.Ct. 2871, 61 L. Ed.2d 560 (1979) and *King v. State,* 29 S.W.3d 556, 562-63 (Tex. Crim. App. 2000) for explanation of the same.

An individual commits the offense of criminal non-support if he intentionally or knowingly fails to provide support for his child who is younger than 18 years of age or who is the subject of a court order requiring him to support the child. TEX. PEN. CODE ANN. §25.05(a) (Vernon Supp. 2003). The offense is committed by omission or neglect and continues as long as the neglect continues without excuse. *Belcher v. State,* 962 S.W.2d 653, 656 (Tex. App.—Austin 1998, no pet.). Appellant was charged with failing to provide support for Nathan-Ferril Smith, who was the subject of a court order, from and after August 18, 1997. The complaint was filed on August 14, 2000.

With the exception of the indictment, the only evidence admitted at trial was that put on by appellant, including his own testimony.[2] The statute provides that a conviction can be had on the uncorroborated testimony of a party to the offense. *Id.* §25.05(c). Further, a conviction may be sustained irrespective of whether the prosecution or the defense

---

[2] The record indicates that the parties had entered into a stipulation with respect to at least some of the facts of the case and the court accepted the stipulation, but the stipulation itself does not appear in the record.

provides the evidence of guilt. *Stewart v. State,* 12 S.W.3d 146, 148 (Tex. App.—Houston [1ˢᵗ Dist.] 2000, no pet.).

Next, through the indictment at bar, the State alleged that appellant "on or about the 18ᵗʰ day of August, 1997 . . . did then and there intentionally and knowingly fail to provide support for Nathan-Ferril Smith, who was then and there the subject of a court order requiring the defendant to support said child . . . ." At bar, there appears evidence that appellant was divorced in 1988. Via the divorce decree, he was ordered to pay child support of $350 per month.[3] However, in 1989, he was sent to prison for ten years. While he was in prison, one or more of his parents died in 1993 and left him an inheritance of $25,000 cash, over 150 acres of land, and a house. Furthermore, tenants of the house and acreage paid monthly rent of $300 and $2,000 respectively. These funds, along with the original $25,000, the house, and the acreage, were held for appellant in "trust." Thus, as of August 18, 1997 (the date alleged in the indictment), appellant owned a substantial amount of monies and assets. However, he did not pay his child support obligation until after being released from prison in 1998, and then did so sporadically.[4] And, upon his release from prison, appellant spent much of his money on restoring the house he inherited, as opposed to paying child support.

---

[3] Appellant has not contested that the amount in the court order is not the appropriate level of support for the child.

[4] Appellant attempts to justify his failure to pay the child support obligation by alleging that he thought his ex-wife and child had died in an auto accident. He purportedly saw a news clip on a local television station depicting the wrecked car of his ex-wife. Yet, whether the news commentator indicated that his child and ex-wife were killed is unknown. Whether anyone said that his child was in the car is unknown. When this supposed accident occurred is unknown. And, whether he asked anyone (such as a family member) about the health of his child or to investigate the incident (assuming he could not) is unknown. Given this, the factfinder could well have discredited his excuse for foregoing payment and the care of his child.

The court, as factfinder, found that appellant had "consciously directed his resources that he had available to him . . . to benefit himself when he should have supported his child." Viewing the evidence in the light most favorable to the prosecution as we must, a rational trier of fact could have found (beyond reasonable doubt) that appellant intentionally and knowingly failed to support his child who was the subject of a court order. Thus, the evidence was legally sufficient to support the judgment.

### *Issue Two - Insufficiency of the Evidence as to Ability to Pay*

In his second issue, appellant complains of the legal sufficiency of the evidence to demonstrate that he had the ability to support his child. We overrule the issue.

An affirmative defense to the prosecution of the offense of criminal non-support is that the actor could not provide support. TEX. PEN. CODE ANN. §25.05(d) (Vernon Supp. 2003). As recited above, the record contains evidence as to appellant's ability to pay during at least part of the time for which he was charged with non-support. More importantly, the factfinder was entitled to believe and conclude, beyond reasonable doubt, that he had the ability to pay.

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Justice

Do not publish.

4