COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-402-CR
 
MARGARET L. JOHNSON                                                       APPELLANT 
 
V.
 THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        Appellant Margaret L. Johnson appeals her conviction for aggravated 
assault with a deadly weapon. We affirm. 
        Appellant entered an open plea of guilty to the offense and elected to 
have the jury assess punishment. The jury assessed punishment at twenty 
years’ confinement. The trial court rendered judgment in accordance with the 
jury’s verdict. 
        Appellant’s court-appointed appellate counsel has filed a motion to 
withdraw as counsel and a brief in support of that motion. In the brief, counsel 
avers that, in his professional opinion, this appeal is frivolous. Counsel’s brief 
and motion meet the requirements of Anders v. California, 386 U.S. 738, 87 
S. Ct. 1396 (1967), by presenting a professional evaluation of the record 
demonstrating why there are no arguable grounds for relief. This court provided 
Appellant the opportunity to file a pro se brief. Appellant filed a document that 
does not address any issues relevant to her appeal. 
        Once Appellant’s court-appointed counsel files a motion to withdraw on 
the ground that the appeal is frivolous and fulfills the requirements of Anders, 
this court is obligated to undertake an independent examination of the record 
and to essentially rebrief the case for Appellant to see if there is any arguable 
ground that may be raised on her behalf. Stafford v. State, 813 S.W.2d 503, 
511 (Tex. Crim. App. 1991). 
        Because appellant pleaded guilty to the offense, she has waived the right 
to appeal any non-jurisdictional defects, other than the voluntariness of her 
plea, that occurred before entry of the plea. See Lewis v. State, 911 S.W.2d 
1, 4-5 (Tex. Crim. App. 1995); Broddus v. State, 693 S.W.2d 459, 460-61 
(Tex. Crim. App. 1985). However, if the judgment was not rendered 
independently of error occurring before entry of the plea, appellant may appeal 
that error. See Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 
2000). Therefore, our independent review of the record is limited to potential 
jurisdictional defects, the voluntariness of the appellant’s plea, error that is not 
independent of and supports the judgment of guilt, and potential error occurring 
after the guilty plea. 
        Our review of the record reveals no jurisdictional defects. The trial court 
had jurisdiction over the case. See Tex. Code Crim. Proc. Ann. art. 4.05 
(Vernon Supp. 2004). Further, the indictment sufficiently conferred jurisdiction 
on the trial court and provided appellant with sufficient notice. See Tex. Const. 
art. V, § 12; Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). 
No reversible grounds of jurisdictional error exist. 
        The record reveals that appellant’s plea was knowing and voluntary. The 
trial court properly admonished appellant before she pleaded guilty. Nothing in 
the record would support a claim that appellant’s plea was involuntary. 
        The record also reveals that no error occurred before appellant’s plea of 
guilty was entered. The judgment was based on appellant’s plea and the 
evidence presented at the punishment phase. See Stewart v. State, 12 S.W.3d 
146, 148-49 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (holding whether 
the evidence showing the defendant’s guilt comes in at guilt-innocence or 
punishment phase is inconsequential, provided the evidence is in the record). 
As a result, no appealable error exists under the holding of Young. 8 S.W.3d 
at 666-67. 
        Our review of the record from the sentencing hearing also yields no 
reversible error. Aggravated assault is a second degree felony, with a penalty 
range of two to twenty years and up to a $20,000 fine. See Tex. Penal Code 
Ann. §§ 12.33(a), 22.02(a)(2), (b) (Vernon 2003 & Supp. 2004). The twenty-year sentence assessed is within the statutorily permissible range. There is no 
evidence that trial counsel provided erroneous advice to appellant before or 
after the plea proceedings, and we find no indication in the record that 
appellant’s trial counsel was constitutionally ineffective. See Strickland v. 
Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984); Woodward 
v. State, 996 S.W.2d 925, 928 (Tex. App.—Houston [1st Dist.] 1999, pet. 
ref’d), cert. denied, 529 U.S. 1092 (2000). 
        After independently reviewing the record, we agree with appellate 
counsel’s determination that any appeal from this case would be frivolous. 
Accordingly, we grant appellate counsel’s motion to withdraw and affirm the 
trial court’s judgment. 
                                                          PER CURIAM 
 
PANEL F:   GARDNER, DAUPHINOT, and HOLMAN, JJ. 
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: December 31, 2003