JOHNSON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-402-CR

MARGARET L. JOHNSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Margaret L. Johnson appeals her conviction for aggravated assault with a deadly weapon.  We affirm. 

Appellant entered an open plea of guilty to the offense and elected to have the jury assess punishment.  The jury assessed punishment at twenty years’ confinement.  The trial court rendered judgment in accordance with the jury’s verdict.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  This court provided Appellant the opportunity to file a pro se brief.  Appellant filed a document that does not address any issues relevant to her appeal.

Once Appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record and to essentially rebrief the case for Appellant to see if there is any arguable ground that may be raised on her behalf.  
Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Because appellant pleaded guilty to the offense, she has waived the right to appeal any non-jurisdictional defects, other than the voluntariness of her plea, that occurred before entry of the plea.  
See Lewis v. State, 
911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995); 
Broddus v. State, 
693 S.W.2d 459, 460-61 (Tex. Crim. App. 1985).  However, if the judgment was not rendered independently of error occurring before entry of the plea, appellant may appeal that error.  
See Young v. State, 
8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000).  Therefore, our independent review of the record is limited to potential jurisdictional defects, the voluntariness of the appellant’s plea, error that is not independent of and supports the judgment of guilt, and potential error occurring after the guilty plea.

Our review of the record reveals no jurisdictional defects.  The trial court had jurisdiction over the case.  
See 
Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon Supp.  2004).  Further, the indictment sufficiently conferred jurisdiction on the trial court and provided appellant with sufficient notice.  
See 
Tex. Const.
 art. V, § 12; 
Duron v. State, 
956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).  No reversible grounds of jurisdictional error exist.

The record reveals that appellant’s plea was knowing and voluntary.  The trial court properly admonished appellant before she pleaded guilty.  Nothing in the record would support a claim that appellant’s plea was involuntary.

The record also reveals that no error occurred before appellant’s plea of guilty was entered.  The judgment was based on appellant’s plea and the evidence presented at the punishment phase.  
See Stewart v. State, 
12 S.W.3d 146, 148-49 (Tex. App.—Houston [1
st
 Dist.] 2000, no pet.) (holding whether the evidence showing the defendant’s guilt comes in at guilt-innocence or punishment phase is inconsequential, provided the evidence is in the record).  As a result, no appealable error exists under the holding of 
Young.
  8 S.W.3d at 666-67.

Our review of the record from the sentencing hearing also yields no reversible error.  Aggravated assault is a second degree felony, with a penalty range of two to twenty years and up to a $20,000 fine.  
See 
Tex. Penal Code Ann.
 §§ 12.33(a), 22.02(a)(2), (b) (Vernon 2003 & Supp. 2004).  The twenty-year sentence assessed is within the statutorily permissible range.  
There is no evidence that trial counsel provided erroneous advice to appellant before or after the plea proceedings, and we find no indication in the record that appellant’s trial counsel was constitutionally ineffective.  
See Strickland v. Washington, 
466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984); 
Woodward v. State, 
996 S.W.2d 925, 928 (Tex. App.—Houston [1
st
 Dist.] 1999, pet. ref’d), 
cert. denied, 
529 U.S. 1092 (2000).

After independently reviewing the record, we agree with appellate counsel’s determination that any appeal from this case would be frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.  

PER CURIAM

PANEL F: GARDNER, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  December 31, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.