Opinion issued September 23, 2004













In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00639-CR




GABRIEL YBARRA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 23rd District Court
 Brazoria County, Texas
Trial Court Cause No. 42,231




MEMORANDUM OPINION

         Appellant, Gabriel Ybarra, pleaded guilty without an agreed punishment
recommendation to two separate offenses of aggravated assault with a deadly weapon. 
See Tex. Pen. Code Ann. § 22.02 (Vernon 2003). After having accepted appellant’s
pleas, the trial court assessed appellant’s punishment at 10 years in prison for each
offense, with the punishments to run concurrently. Appellant appealed only the
judgment relating to one conviction. We determine whether sufficient evidence
supported appellant’s guilty plea and whether trial counsel was ineffective for having
appealed the judgment relating to only one offense and for not having moved for new
trial with respect to the conviction for either offense. We affirm.
Background
          In the cause from which appeal was taken (trial court cause number 42,231),
appellant was accused of threatening Justin Bradley with his truck. In the other
cause, from which appeal was not taken (trial court cause number 42,232), appellant
was accused of two counts of aggravated assault: one for having hit Rory Simek in
the head with a baseball bat, and the other for having “run[] over” the same man
afterwards with appellant’s truck. 
Sufficiency of the Evidence
          In his first point of error, appellant contends that the evidence is “insufficient
to support the judgment [for aggravated assault with a truck] in accordance with
Article 1.15 of the Texas Code of Criminal Procedure.”
          A defendant charged with a felony offense may not be convicted on his plea
of guilty or no contest alone: the State must introduce sufficient evidence in support. 
See Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2004-2005). “The
evidence is sufficient under article 1.15 if it embraces every essential element of the
offense charged and establishes the defendant’s guilt.” Breaux v. State, 16 S.W.3d
854, 857 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d). “The evidence may be
stipulated if the defendant . . . consents in writing, in open court, to waive the
appearance, confrontation, and cross-examination of witnesses, and further consents
either to an oral stipulation of the evidence and testimony or to the introduction of
testimony by affidavits, written statements of witnesses, and any other documentary
evidence in support of the judgment of the court.” Tex. Code Crim. Proc. Ann. art.
1.15.
          A judicial confession alone suffices to sustain a conviction upon a guilty plea
entered pursuant to article 1.15 of the Code of Criminal Procedure. Dinnery v. State,
592 S.W.2d 343, 353 (Tex. Crim. App. 1980); Stewart v. State, 12 S.W.3d 146, 148
(Tex. App.—Houston [1st Dist.] 2000, no pet.); see Tex. Code Crim. Proc. Ann. art.
1.15. After having been admonished thoroughly in writing and orally, appellant
judicially confessed both in writing and verbally to the indictment’s allegations. His
written confession tracked the indictment’s allegations, which sufficiently alleged the
elements of aggravated assault. See Tex. Pen. Code Ann. § 22.01, 22.02 (Vernon
2003).


 The judicial confessions alone suffice to support appellant’s plea.
          Appellant nonetheless argues that the evidence is insufficient to support his
plea. Appellant first notes that—in addition to offering the indictment and appellant’s
written waivers, admonishments, and judicial confession into evidence—the State
offered a packet of, among other things, the offense report and witness statements
(State’s exhibit three) to support the plea. Appellant stipulated that the witnesses
would testify as their statements read. Appellant asserts, however, that State’s exhibit
3 “does not contain evidence or testimony of the requisite elements for the offense”
because “nothing in State’s Exhibit 3 suggests the vehicle was used to threaten
anyone or that in the manner of its use or intended use the truck was capable of
causing death and serious bodily injury.” Appellant admits that “a truck is obviously
capable of causing death or serious bodily injury,” but asserts that the State did not
prove his intent to so use the truck here.
          However, appellant’s judicial confession alone suffices to support his
conviction. See Dinnery, 592 S.W.2d at 353; Stewart, 12 S.W.3d at 148. Moreover,
the witness statements support the indictment’s allegations. They show that the
driver of another truck, apparently working with appellant, slowed his truck down in
front of the complainant’s Honda Civic, causing the Civic to slow down; appellant
pulled his truck alongside the Civic and pushed the Civic toward a roadside ditch;
and, when the complainant slammed on his brakes and went into reverse, appellant
followed suit, backing onto the Civic’s hood and shattering the driver’s side of the
windshield. 
          We overrule appellant’s first point of error.
Ineffective Assistance of Counsel
          In his second point of error, appellant contends that his trial counsel was
ineffective “after sentencing and during the time period available for filing a motion
for new trial and notice of appeal.” Specifically, appellant asserts that (1) there was
no justifiable reason for counsel’s not appealing both convictions and (2) counsel
should have filed motions for new trial in both cases. 
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687-96, 104 S. Ct.
2052, 2064-69 (1984). See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999). Appellant must show both that (1) counsel’s performance was so deficient
that he was not functioning as acceptable counsel under the Sixth Amendment and
(2) there is a reasonable probability that, but for counsel’s error or omission, the result
of the proceedings would have been different, i.e., the error or omission was
sufficient to undermine confidence in the proceeding’s outcome. Strickland, 466 U.S.
at 687-96, 104 S. Ct. at 2064-69. Effective assistance of counsel does not mean
errorless counsel. See Saylor v. State, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). 
In determining whether counsel was ineffective, we consider the totality of the
circumstances of the particular case. Thompson, 9 S.W.3d at 813.
          It is the defendant’s burden to prove ineffective assistance of counsel by a
preponderance of the evidence. Id. A defendant must overcome the presumption
that, under the circumstances, the challenged action might be considered sound trial
strategy. Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996,
no pet.). Assertions of ineffective assistance of counsel must be firmly founded in the
record. Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). We will normally
not speculate to find trial counsel ineffective when the record is silent on counsel’s
reasoning or strategy. See Henderson v. State, 29 S.W.3d 616, 624 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d); Gamble, 916 S.W.2d at 93. However,
“in the rare case” in which the record suffices “to prove that counsel’s performance
was deficient,” despite the record’s silence concerning counsel’s strategy, “an
appellate court should obviously address the [ineffective-assistance] claim . . . .” 
Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000).
          The cause that was not appealed (trial court cause number 42,232) is not before
us. See Woods v. State, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002) (“To invoke an
appellate court’s jurisdiction over an appeal, . . . the appellant must give timely and
proper notice of appeal.”). Accordingly, we lack jurisdiction to evaluate counsel’s
effectiveness in that cause, either for not having appealed the conviction or for not
having filed a motion for new trial. See id. (“If an appellate court’s jurisdiction is not
properly invoked, that court’s power to act is ‘as absent as if it did not exist.’ 
Accordingly, dismissal of an issue, or the entire matter, is appropriate if the form of
the notice of appeal is improper.”) (citations omitted). 
          With regard to the cause that was appealed (trial court cause number 42,231),
nothing in this record shows counsel’s reasons for not having moved for new trial. 
This is not one of those “rare cases” in which we may evaluate counsel’s performance
in hindsight absent a record of his strategy. See Robinson, 16 S.W.3d at 813 n.7. We
thus may not speculate on that reasoning. See Gamble, 916 S.W.2d at 93. See id.
          We overrule appellant’s second point of error. 
 

Conclusion
We affirm the judgment of the trial court.
 
                                                                        Tim Taft
                                                                        Justice
Panel Consists of Justices Taft, Jennings, and Bland.
Do not publish. Tex. R. App. P. 47.2(b).