Opinion issued February 8, 2007














Opinion issued February 8, 2007






 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NOS. 01-06-00116-CR

         
01-06-00117-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



KEVIN JAMES BRAMWELL, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 



On Appeal from the 240th District Court

Fort Bend County, Texas

Trial Court Cause Nos. 42045 & 42048








 

 



MEMORANDUM OPINION

 

          Kevin
Bramwell pleaded guilty, without an agreed punishment recommendation from the
State, to the felony offenses of aggravated sexual assault of a child and
sexual assault of a child.  Following
completion of a pre-sentence investigation report, the trial court conducted a
sentencing hearing, at which several witnesses testified.  At the conclusion of the hearing, the trial
court found Bramwell guilty of both offenses and assessed punishment at
ninety-nine years’ confinement for aggravated sexual assault and sixteen years’
confinement for sexual assault, to run concurrently.  On appeal, Bramwell contends the evidence is
legally and factually insufficient to support his convictions.  We affirm.

Background

          The State charged Bramwell with
aggravated sexual assault of a child in cause number 42045 and sexual assault
of a child in cause number 42048.  In
conjunction with his guilty pleas to both offenses, Bramwell executed sworn
“Written Stipulations and Judicial Confessions” in which he admitted

[t]hat in Fort Bend County, Texas, I (the same
individual indicted in this cause) on [March 10, 2005 for the aggravated sexual
assault offense and December 17, 2004 for the sexual assault offense],
committed the acts alleged in the indictment in this cause, and . . . the
evidence and testimony would prove beyond a reasonable doubt that [the] acts
and allegations in the indictment in this cause are true and correct[.]

 

The trial court approved, in writing,
Bramwell’s waiver of a jury trial, stipulations of evidence, and judicial
confessions, as required by Texas Code of Criminal Procedure article 1.15.  See
Tex. Code Crim. Proc. Ann. art.
1.15 (Vernon 2005).

Sufficiency of the Evidence

          Although
he pleaded guilty to both offenses, Bramwell nonetheless contends the evidence
is legally insufficient under Jackson v.
Virginia,[1]
and factually insufficient under Johnson
v. State,[2]
because neither child victim testified to the alleged sexual contact and the
State “did not offer or introduce any evidence at appellant’s plea, but only
offered an unsubstantiated and unsupported offense report in punishment.”  Bramwell’s argument fails because it employs
an incorrect standard of review and ignores the effect of his judicial
confessions.

          In
Keller v. State, we determined the
appropriate standard of review to apply in assessing the legal and factual
sufficiency of the evidence in a guilty plea case.  125 S.W.3d 600, 604–05 (Tex. App.—Houston
[1st Dist.] 2003), pet. dism’d,
improvidently granted, 146 S.W.3d 677 (Tex.
Crim. App. 2004).  Unlike most
jurisdictions, Texas
has a procedural requirement that the State must offer sufficient proof to
support a judgment based on a guilty plea in a felony case tried to the
court.  See Tex. Code Crim. Proc.
Ann. art. 1.15 (“No person can be convicted of a felony except upon the
verdict of a jury duly rendered and recorded, unless the defendant, upon
entering a plea, has in open court in person waived his right of trial by jury
in writing . . . ; provided, however, that it shall be necessary for the state
to introduce evidence into the record showing the guilt of the defendant and
said evidence shall be accepted by the court as the basis for its judgment and
in no event shall a person charged be convicted upon his plea without
sufficient evidence to support the same.”).

This does not mean, however, that we
use the traditional Jackson
standard for reviewing legal sufficiency, or the Johnson standard for reviewing factual sufficiency,[3] in a
guilty plea case.  Keller, 125 S.W.3d at 604–05 (citing Jackson v. Virginia, 443 U.S. 307, 318–19, 99 S. Ct. 2781,
2788–89 (1979), and Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000)). 
As we observed in Keller,

Legal-sufficiency-review analysis under Jackson applies only
when the federal constitution places the burden on the prosecution to establish
guilt beyond a reasonable doubt.  The Jackson standard does
not apply when a defendant knowingly, intelligently and voluntarily enters a
plea of guilty or nolo contendere.  There
is no federal constitutional requirement that a guilty plea in a state criminal
prosecution must be corroborated by evidence of guilt, and Jackson does not apply.  A plea of guilty waives all non-jurisdictional
defenses, including challenges to the sufficiency of the evidence.  Similarly, a defendant who pleads guilty to
the court by executing a valid judicial confession waives any challenge to the
factual sufficiency of the evidence.

 

Id. at 605 (internal citations and footnote omitted).

 

          We
therefore reject Bramwell’s contention that we should review the legal and
factual sufficiency of the evidence in this case under Jackson and Johnson,
respectively.  Rather, as we held in Keller, our “‘sufficiency’ review on
appeal of felony pleas of guilty to the court is confined to determining
whether sufficient evidence supports the judgment of guilt under article 1.15
of the Code of Criminal Procedure.”  Id.

          Under
article 1.15, “[a] judicial confession alone is sufficient evidence to sustain a
conviction upon a guilty plea . . . . 
The judicial confession may take the form of an affirmative
acknowledgment by the defendant that the indictment was true and correct.”  Stewart
v. State, 12 S.W.3d 146, 148 (Tex.
App.—Houston
[1st Dist.] 2000, no pet.) (citing Dinnery
v. State, 592 S.W.2d 343, 352–53 (Tex. Crim. App. 1979)).

          Here,
Bramwell executed sworn judicial confessions in both cause numbers admitting
that he “committed the acts alleged in the indictment[s]” and that “the
evidence and testimony would prove beyond a reasonable doubt that [the] acts
and allegations in the indictment[s] . . . are true and correct.”  These judicial confessions, standing alone,
are sufficient under article 1.15 to support Bramwell’s convictions.  It was not necessary for the child victims to
testify to the sexual contact, or for the State to introduce any other evidence
at the plea hearing.  See McGill v. State, 200 S.W.3d 325, 330
n.1 (Tex. App.—Dallas 2006, no pet.)
(“[T]he judicial confession in [t]his case constituted sufficient evidence to
support [appellant’s] plea under article 1.15.”); Keller, 125 S.W.3d at 605–06 (holding judicial confession that
contained statement, “I understand the above allegations and I confess that
they are true . . .” was sufficient evidence to support judgment under article
1.15, and “the record need not otherwise provide proof”).                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                

Conclusion

          We
conclude that Bramwell’s stipulations of guilt and judicial confessions are
sufficient evidence to support the judgments under Code of Criminal Procedure
article 1.15.  We therefore affirm the
judgments of the trial court.

          

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Jennings and Bland.

Do not publish.  Tex.
R. App. P. 47.2(b).











[1]
443 U.S.
307, 99 S. Ct. 2781 (1979).

 





[2]
23 S.W.3d 1 (Tex. Crim. App. 2000).

 

 





[3] We note that the Court of Criminal Appeals has recently
clarified the proper standard for factual sufficiency review.  See
Watson v. State, 204 S.W.3d 404, 405
(Tex. Crim.
App. 2006).  In Watson, the court disavowed the factual sufficiency standard of
review articulated in Zuniga v. State,
144 S.W.3d 477 (Tex. Crim. App. 2004), effectively resurrecting the Johnson factual sufficiency formulation.  Id. at 414–17.  Watson
does not change our analysis in this case.