Opinion issued February 11, 2010




     











In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00510-CR




ALEJANDRO PADILLA VILCHIS A/K/A ABRAHAM LOPEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 1141815




MEMORANDUM OPINION

          Appellant, Alejandro Padilla Vilchis, pleaded guilty to aggravated assault of
a family member.


 The trial court assessed punishment at six years’ imprisonment.
In two issues, appellant contends that the evidence was legally and factually
insufficient to sustain a plea of guilty because the indictment alleged the use or
exhibition of a deadly weapon, a motor vehicle, and no evidence was presented to
support the finding that the motor vehicle was in fact a deadly weapon.
          We affirm.
BACKGROUND
          On February 1, 2008, the State indicted appellant for threatening Lidia Pluma,
a member of appellant’s family,


 with imminent bodily injury and exhibiting a deadly
weapon, a car. On March 28, 2008, appellant pleaded guilty without a recommended
punishment. In connection with entering his plea, appellant signed a document titled
“Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession,”
which stated, 
In open court and prior to entering my plea, I waive the right of trial by
jury. I also waive the appearance, confrontation, and cross-examination
of witnesses, and my right against self-incrimination. The charges
against me allege that in Harris County, Texas, ALEJANDRO
PADILLA VILCHIS, hereafter styled the Defendant, heretofore on or
about NOVEMBER 9, 2007, did then and there unlawfully,
intentionally and knowingly threaten LIDIA PLUMA, a member of the
Defendant’s family, hereafter styled the Complaint, with imminent
bodily injury by using and exhibiting a deadly weapon, namely, A
MOTOR VEHICLE.
 
I understand the above allegations and I confess that they are true and
that the acts were committed on November 9, 2007. 

          The trial court entered judgment finding appellant guilty of aggravated assault.
Under “Finding on Deadly Weapon,” the trial court noted, “Yes, not a firearm.” The
judgment further states, 
The Court FINDS Defendant used or exhibited a deadly weapon,
namely, a motor vehicle, during the commission of a felony offense or
during immediate flight therefrom or was a party to the offense and
knew that a deadly weapon would be used or exhibited.

The trial court assessed appellant’s punishment as 6 years in prison. This appeal
followed.




DISCUSSION
          In two points of error, appellant contends that the evidence was legally and
factually insufficient to sustain a plea of guilty to the offense as charged because the
indictment alleged the use or exhibition of a deadly weapon, to wit, a motor vehicle,
but no evidence was presented to support the finding that the motor vehicle was in
fact a deadly weapon.
A.      Standard of Review
            The traditional legal and factual sufficiency standards of review do not apply
to a review of the sufficiency of the evidence to support guilty pleas. See Keller v.
State, 125 S.W.3d 600, 604–05 (Tex. App.—Houston [1st Dist.] 2003), pet. dism’d,
improvidently granted, 146 S.W.3d 677 (Tex. Crim. App. 2004). Article 1.15 of the
Texas Code of Criminal Procedure requires that the State must “introduce evidence
into the record showing the guilt of the defendant and said evidence shall be accepted
by the court as the basis for its judgment and in no event shall a person charged be
convicted upon his plea without sufficient evidence to support the same.” Tex. Code
Crim. Proc. Ann. art. 1.15 (Vernon 2006); Ex Parte Williams, 703 S.W.2d 674, 678
(Tex. Crim. App. 1986); Keller, 125 S.W.3d at 604 (holding that State must offer
proof to support any judgment based on a guilty or nolo contendre plea in felony case
tried to the court). The State, however, is not required to prove the defendant’s guilt
beyond a reasonable doubt; the supporting evidence must simply embrace every
essential element of the charged offense. McGill v. State, 200 S.W.3d 325, 330 (Tex.
App.—Dallas 2006, no pet.); Breaux v. State, 16 S.W.3d 854, 857 (Tex.
App.—Houston [14th Dist.] 2000, pet. ref’d). 
          The “[e]vidence offered in support of a guilty plea may take many forms.” 
Menefee v. State, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). “The evidence may be
stipulated if the defendant . . . consents in writing, in open court, to waive the
appearance, confrontation, and cross-examination of witnesses, and further consents
either to an oral stipulation of the evidence and testimony or to the introduction of
testimony or to the introduction of testimony by affidavits, written statements by
witnesses, and any other documentary evidence in support of the judgment of the
court.” Tex. Code Crim. Proc. Ann. art. 1.15. 
          A defendant who pleads guilty does not need to concede to the veracity of the
evidence to which he stipulates, but if he does, the court will consider the stipulation
to be a judicial confession. Stone v. State, 919 S.W.2d 424, 426 (Tex. Crim. App.
1996); Barnes v. State, 103 S.W.3d 494, 497 (Tex. App.—San Antonio 2003, no
pet.); Wright v. State, 930 S.W.2d 131, 133 (Tex. App.—Dallas 1996, no pet.). A
judicial confession must be separate and independent from the plea itself and is
sufficient to support a guilty plea if the defendant “enter[s] a sworn written statement
. . . admitting culpability or at least acknowledging generally that the allegations
against him are in fact true and correct . . . so long as such a judicial confession
covers all of the elements of the charged offense. . . . ” Menefee, 287 S.W.3d at 13;
see also Stewart v. State, 12 S.W.3d 146, 148 (Tex. App.—Houston [1st Dist.] 2000,
no pet.) (citing Dinnery v. State, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979)
(holding that judicial confession alone is generally sufficient to sustain conviction)). 
“A conviction rendered without sufficient evidence to support a guilty plea
constitutes trial error.” Menefee, 287 S.W.3d at 14. 
B.      Analysis
            Appellant argues that no evidence was produced to support the finding that a
motor vehicle was a deadly weapon. The State argues that appellant entered a judicial
confession that was sufficient to support the judgment of guilt.
          A person commits aggravated assault when he “intentionally or knowingly
threatens another with imminent bodily injury, including the person’s spouse” and 
“uses or exhibits a deadly weapon during the commission of the assault.”Act of June
17, 2005, 79th Leg., R.S., ch. 788, 2005 Tex. Gen. Laws 2709, 2709 (amended 2009)
(stating elements of aggravated assault) (current version at Tex. Penal Code Ann.
§ 22.02 (Vernon Supp. 2009)). A motor vehicle is not a deadly weapon per se, but
it may “be a deadly weapon if it is driven so as to endanger lives.” Cates v. State, 102
S.W.3d 735, 738 (Tex. Crim. App. 2003). Therefore, appellant’s judicial confession
had to cover the intentional or knowing threat of bodily injury with a deadly weapon
to be sufficient to support the judgment of guilt. See Menefee, 287 S.W.3d at 13. 
          Appellant signed a “Waiver of Constitutional Rights, Agreement to Stipulate,
and Judicial Confession.” This document mirrors the indictment, and it states that
appellant “did then and there unlawfully, intentionally and knowingly threaten Lidia
Pluma, a member of the Defendant’s family . . . with imminent bodily injury by using
and exhibiting a deadly weapon, namely, A MOTOR VEHICLE.” Appellant
specifically acknowledged, “I understand the above allegations and I confess that they
are true and that the acts alleged above were committed on November 9, 2007.” In
addition, appellant initialed sworn admonishments indicating that he consented to
“the oral and written stipulations of evidence in this case” and that he “[had] read the
indictment and [had] committed each and every element alleged.”
          Thus, appellant entered a sworn written statement covering all elements of the
charged offense, admitting his culpability and acknowledging that the allegations
against him were true and correct. Appellant also acknowledged, independently of
his guilty plea, that he “committed each and every element alleged.” See Menefee,
287 S.W.3d at 13. When an appellant has provided a valid judicial confession to all
of the elements of the offense, the record need not provide further proof. See id. at
14, 17–18; see Stewart, 12 S.W.3d at 148.
          We overrule appellant’s two issues.CONCLUSION
          We affirm the judgment of the trial court.
 
 
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Keyes, Sharp, and Massengale.
Do not publish. Tex. R. App. P. 47.2(b).