MARY'S OPINION HEADING 








NOS. 12-09-00320-CR

         
12-09-00321-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

ANDREW
CHRISTOPHER AYBAR,         §                      APPEAL FROM THE 114TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      SMITH
 COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Andrew
Aybar appeals his convictions for engaging in organized criminal activity and
aggravated robbery, for which he was sentenced to imprisonment for forty years
for each offense.  In one issue, Appellant argues that the trial court erred in
considering Appellant’s gang involvement, which Appellant contends is
unsupported by the evidence.  We affirm.

 

Background

            Appellant
was charged by separate indictments with engaging in organized criminal
activity and aggravated robbery.  The indictment for engaging in organized
criminal activity further alleged that Appellant committed the offense as a
member of a criminal street gang.  Appellant pleaded “guilty” as charged to
each offense.  Appellant further pleaded “true” to the allegation that he
committed the offense as a member of a criminal street gang.  Thereafter, the
State admitted into evidence the plea packets containing, among other things,
Appellant’s written stipulation of evidence.  The trial court found that there
was sufficient evidence to substantiate Appellant’s “guilty” plea and proceeded
to conduct a trial on punishment.

            At
the trial on punishment, the trial court took judicial notice of the contents
of Appellant’s presentence investigation report (“PSI”).  Following the presentation
of evidence and argument of counsel, the trial court found Appellant “guilty”
as charged and assessed Appellant’s punishment at imprisonment for forty years
in each cause.  This appeal followed.

 

Gang Membership

            Appellant
sets forth as his sole issue that the trial court erred in considering the
State’s argument concerning Appellant’s gang involvement when any gang
involvement by Appellant was not supported by the evidence.  However, from our
reading of Appellant’s argument in support of his sole issue, the thrust of
Appellant’s issue becomes uncertain.  Specifically, it is not clear from
Appellant’s brief whether Appellant is arguing that (1) his guilty plea is not
supported by sufficient evidence that he committed the offense as a member of a
criminal street gang, (2) evidence of his membership in a street gang was
improperly admitted by the trial court, or (3) the State engaged in improper
argument with regard to Appellant’s gang affiliation when there was no evidence
of any gang affiliation on Appellant’s part.  

Texas
Rule of Appellate Procedure mandates that a brief contain a clear and concise
argument for the contentions made.  See Tex. R. App. P. 38.1(i).  Even construed liberally,
Appellant’s brief does not comport with rule 38.1(i)’s requirement of clarity. 
Id.; see also Benitez v. State, No. 12‑04‑00156‑CR,
2003 WL 475297, at *5 (Tex. App–Tyler Feb. 28, 2006, no pet.) (mem. op., not
designated for publication) (failure to adequately brief issue by an appellant
effects a waiver of issue on appeal).  As such, we hold that Appellant waived
the issue.  Yet even if we assume arguendo that Appellant made each of the
aforementioned arguments in compliance with rule 38.1(i), the outcome would not
differ.

Evidence
in Support of Guilty Plea

            Pursuant
to article 1.15 of the Texas Code of Criminal Procedure, the state must offer
sufficient proof to support any judgment based on a guilty or nolo contendere
plea in a felony case tried to the court.  See Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2005); Ex
parte Williams, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986); Keller
v. State, 125 S.W.3d 600, 604 (Tex. App.–Houston [1st Dist.] 2003), pet.
dism’d, improvidently granted, 146 S.W.3d 677 (Tex. Crim. App. 2004).  The
state must “introduce evidence into the record showing the guilt of the
defendant and said evidence shall be accepted by the court as the basis for its
judgment and in no event shall a person charged be convicted upon his plea
without sufficient evidence to support the same.”  See Tex. Code Crim. Proc. Ann. art. 1.15; see
Keller, 125 S.W.3d at 604.  “A conviction rendered without
sufficient evidence to support a guilty plea constitutes trial error.”  Menefee
v. State, 287 S.W.3d 9, 14 (Tex. Crim. App. 2009).  The state, however,
is not required to prove the defendant's guilt beyond a reasonable doubt; the
supporting evidence must simply embrace every essential element of the charged
offense.  McGill v. State, 200 S.W.3d 325, 330 (Tex. App.–Dallas
2006, no pet.).  Furthermore, there is no requirement that evidence admitted at
guilt/innocence be reoffered to be considered at punishment.  See Buchanan
v. State, 911 S.W.2d 11, 13 (Tex. Crim. App. 1995).

            To
provide sufficient evidence, the state must enter into the record a showing of
each essential element of the offense charged.  Breaux v. State,
16 S.W.3d 854, 857 (Tex. App.–Houston [14th Dist.] 2000, pet. ref’d).  The
“[e]vidence offered in support of a guilty plea may take many forms.”  Menefee,
287 S.W.3d at 13.  The evidence may be stipulated if the defendant consents in
writing, in open court, to waive the appearance, confrontation, and cross
examination of witnesses, and further consents either to an oral stipulation of
the evidence and testimony or to the introduction of testimony or to the
introduction of testimony by affidavits, written statements by witnesses, and
any other documentary evidence in support of the judgment of the court.  Tex. Code Crim. Proc. Ann. art. 1.15.

            A
defendant who pleads guilty does not need to concede to the veracity of the
evidence to which he stipulates, but if he does, the court will consider the
stipulation to be a judicial confession. See Stone v. State,
919 S.W.2d 424, 426 (Tex. Crim. App. 1996); Barnes v. State, 103
S.W.3d 494, 497 (Tex. App.–San Antonio 2003, no pet.); Wright v. State,
930 S.W.2d 131, 133 (Tex. App.–Dallas 1996, no pet.).  “A judicial confession
alone is sufficient evidence to sustain a conviction upon a guilty plea under
article 1.15.”  Stewart v. State, 12 S.W.3d 146, 148 (Tex. App.–Houston
[1st Dist.] 2000, no pet.) (citing Dinnery v. State, 592 S.W.2d
343, 353 (Tex. Crim. App. 1979)).  

            Here,
Appellant made valid, written stipulations of evidence in which he admitted
that he committed each and every element of the offenses of engaging in
organized criminal activity, including the element of committing the offense as
a member of a criminal street gang, and aggravated robbery.  Appellant also
agreed to the veracity of the facts comprising his stipulations.  In each
stipulation, Appellant consented in writing, in open court, to waive the
appearance, confrontation, and cross examination of witnesses.  Appellant
further consented to the testimony of these witnesses being stipulated into the
record by the State’s attorney and to the introduction of testimony by
affidavits, written statements of witnesses, and any other documentary evidence
that may be introduced by the State.  Appellant’s written stipulations are each
signed by Appellant, his trial counsel, and the trial judge.  See McClain
v. State, 730 S.W.2d 739, 742 (Tex. Crim. App. 1987) (trial court must
approve defendant’s waiver of appearance, confrontation, and cross examination
of witnesses and his consent to oral stipulations of testimony or introduction
of testimony in written form).  Based on our review of Appellant’s written
stipulations, we conclude that they were valid and properly considered by the
trial court to be valid judicial confessions.  See Stone, 919
S.W.2d at 426.  A valid judicial confession is sufficient to sustain a
conviction upon a guilty plea under article 1.15. See Stewart,
12 S.W.3d at 148; Edison, 253 S.W.3d at 305.  Therefore, the
State carried its evidentiary burden of proving Appellant guilty of engaging in
organized criminal activity, including the element that Appellant committed the
offense as a member of a criminal street gang, and aggravated robbery under
Texas Penal Code, sections 71.02 and 29.03 respectively.  

Admissibility
of Evidence

            To
preserve error in the admissibility of evidence, a defendant must lodge a
timely and specific objection.  See Martinez v. State, 22
S.W.3d 504, 507 (Tex. Crim. App. 2000); see also Tex. R. App. P. 33.1(a).  For the objection to be considered
timely, it must be lodged at the earliest opportunity or as soon as the ground
for the objection becomes apparent.  See Polk v. State, 729
S.W.2d 749, 753 (Tex. Crim. App. 1987).  Failure to object in such a timely
fashion Asignals
a willingness to allow the evidence despite its objectionable nature.@ 
Id. at 754.  When an accused fails to timely object, the state is
entitled to rely on that apparent willingness as it proceeds to marshal the
remainder of its evidence in presenting its case to the fact finder.  Id. 
In essence, what is at work is a kind of estoppel notion:  an accused will not
be heard retroactively to complain of admission of evidence he was apparently
content to have admitted at the time.  Id.  Moreover, a
defendant’s failure to object to the introduction into evidence of the PSI
report waives any objection he has to the contents of the report.  See Moore
v. State, 672 S.W.2d 242, 243 (Tex. App.–Houston [14th Dist.] 1983, no
pet.); see also Dearing v. State, 12-02-00179-CR, 2003 WL
21191168, at *1 (Tex. App.–Tyler May 21, 2003, no pet.) (mem. op., not
designated for publication) (failure to object to PSI or its contents results
in waiver of argument on appeal).

            In
the instant case, the State offered Appellant’s stipulations into evidence. 
Appellant specifically stated that he had “no objection” to the admissibility
of this evidence.  Furthermore, Appellant did not offer any objection to the
contents of the PSI that comports with any interpretation of his argument on
appeal.  Consequently, Appellant has waived the issue of admissibility of evidence
concerning his gang membership.

Improper
Argument

            In
order to preserve error for improper argument, the appellant must (1) object on
specific grounds, (2) request an instruction that the jury disregard the
comment, and (3) move for a mistrial.  See Harris v. State,
784 S.W.2d 5, 12 (Tex. Crim. App. 1989); Head v. State, No. 12‑08‑00385‑CR,
2010 WL 177779, at *2 (Tex. App.­–Tyler Jan. 20, 2010, pet. ref’d) (mem. op.,
not designated for publication).  In the case at hand, Appellant failed to make
any objection to the State’s closing argument.  Accordingly, Appellant has
waived the issue on appeal.

Holding

Appellant
waived his sole issue for his failure to adequately brief it.  Even had
Appellant complied with the briefing requirements of rule 38.1(i), his guilty
plea was supported by the evidence and he failed to preserve error concerning
the admissibility of and prosecutorial argument concerning gang evidence. 
Appellant’s sole issue is overruled.

 

Disposition

            Having
overruled Appellant’s sole issue, we affirm the trial court’s
judgments.

 

 

 

                                                                                                Brian Hoyle

                                                                                                   
Justice

 

Opinion delivered August 11, 2010.

Panel consisted of Worthen, C.J.,
Griffith, J., and Hoyle, J.

 

 

(DO NOT PUBLISH)