NOS. 07-10-00281-CR; 07-10-00282-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 31, 2011

JAMICHEAL LAMARR HILL, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY;

NOS. 1128038D, 1165716D; HONORABLE GEORGE W. GALLAGHER, JUDGE

Before CAMPBELL and HANCOCK, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Through two cases on appeal, appellant Jamicheal Lamarr Hill challenges the judgments of the trial court following his open pleas of guilty. We will affirm.

Background

Appellant was indicted for aggravated robbery with a deadly weapon, alleging an offense occurring in September 2008.[2] In June 2009, he plead guilty without an

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[2] *See* Tex. Penal Code Ann. § 29.03 (West 2010).

agreement on sentencing, and applied for community supervision. The court ordered a presentence report prepared. Later in June 2009, before he was sentenced for the 2008 offense, appellant again committed aggravated robbery with a deadly weapon. In April 2010, he went before the trial court, plead guilty to the 2009 offense, and was sentenced for both offenses.

Three witnesses, the victim of appellant's 2009 robbery, appellant's mother, and appellant's girlfriend, testified on punishment. After hearing the punishment evidence, the court rejected the State's original recommendation of five years of imprisonment for the 2008 offense. Instead the court sentenced appellant to fifteen years of imprisonment for that offense, twenty years for the 2009 offense, and ordered the sentences to run concurrently.

As to both guilty pleas, appellant executed written plea admonishments, which included written waivers of his right to trial by jury, and of the appearance, confrontation and cross-examination of witnesses. The plea documentation also included appellant's sworn judicial confession in each cause. The documents were made part of the clerk's record.

Appellant has appealed the judgments, arguing the State failed to produce evidence in support of appellant's guilty pleas in accordance with article 1.15 of the Texas Code of Criminal Procedure. Appellant does not challenge the voluntariness of his pleas of guilty, nor the sufficiency of the judicial confessions he acknowledges he executed to support his pleas and convictions. His contention is that the written

admonishments containing his judicial confessions were not offered or received into evidence as article 1.15 requires.

## Analysis

The traditional evidentiary sufficiency standards of review do not apply to a review of the sufficiency of the evidence to support guilty pleas. *Keller v. State*, 125 S.W.3d 600, 604-05 (Tex.App.--Houston [1st Dist.] 2003), *pet. dism'd, improvidently granted*, 146 S.W.3d 677 (Tex.Crim.App. 2004). Article 1.15 of the Code of Criminal Procedure requires that the State must "introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same." Tex. Code Crim. Proc. Ann. art. 1.15 (West 2010); *Ex Parte Williams*, 703 S.W.2d 674, 678 (Tex.Crim.App. 1986); *Keller*, 125 S.W.3d at 604 (holding that State must offer proof to support any judgment based on a guilty or nolo contendre plea in felony case tried to the court). The State, however, is not required to prove the defendant's guilt beyond a reasonable doubt; the supporting evidence simply must embrace every essential element of the charged offense. *McGill v. State*, 200 S.W.3d 325, 330 (Tex.App.--Dallas 2006, no pet.); *Breaux v. State*, 16 S.W.3d 854, 857 (Tex.App.--Houston [14th Dist.] 2000, pet. ref'd).

The "[e]vidence offered in support of a guilty plea may take many forms" but a conviction rendered without sufficient evidence to support a guilty plea constitutes trial error. *Menefee v. State*, 287 S.W.3d 9, 14 (Tex.Crim.App. 2009).

2009 Offense

At appellant's April 2010 plea hearing, the trial court and appellant engaged in the following exchange:

The Court: I'm holding up these written plea admonishments, these papers. Did you go over these written plea admonishments with [counsel]?

Appellant: Yes.

The Court: Do you have any questions about anything that's contained in these admonishments?

Appellant: No.

The State contends appellant's clear judicial confessions contained in the plea papers he signed, coupled with the trial court's reference to the papers during the plea colloquy, are sufficient to satisfy article 1.15's requirement that it "introduce evidence into the record." For this proposition, the State relies on *Palacios v. State,* 942 S.W.2d 748 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd) and *Rexford v. State,* 818 S.W.2d 494 (Tex.App.—Houston [1st Dist.] 1991), *writ ref'd,* 823 S.W.2d 296 (Tex.Crim.App. 1991).[3] We need not determine whether the State is correct in this contention because we agree with its alternative argument, by which it contends sufficient evidence of appellant's guilt is found elsewhere in the record. *See Dinnery v. State*, 592 S.W.2d 343, 352 (Tex.Crim.App. 1979) (requirements of article 1.15 may be satisfied if record otherwise contains evidence sufficient to sustain guilty plea).

---

[3] *See also Roberts v. State,* Nos. 02-03-013-CR, 02-03-014-CR, 02-03-015-CR, 2003 Tex.App. LEXIS 9486 (Tex.App.—Fort Worth Nov. 6, 2003, no pet.) (mem. op., not designated for publication).

Punishment evidence, whether offered by the State or the defendant, may satisfy the requirement of evidence of guilt under article 1.15. *Stewart v. State*, 12 S.W.3d 146, 148 (Tex.App.--Houston [1st Dist.] 2000, no pet.); *Parks v. State,* 960 S.W.2d 234, 237 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd). Here, the victim of appellant's 2009 robbery testified that he accosted her and others at gunpoint, threatened "he would kill everybody in the house" if they moved, and took an Xbox before he walked out the door. Her testimony alone provided evidence embracing the elements of the charged 2009 robbery. *Stewart,* 12 S.W.3d at 148.

2008 Offense

As to the 2008 offense, the appellate record before us does not contain a reporter's record of the June 2009 hearing at which appellant plead guilty. An appellant pleading guilty in a criminal case bears the burden of demonstrating the State failed to satisfy the evidentiary requirements of article 1.15. *McDougal v. State,* 105 S.W.3d 119, 121 (Tex.App.—Fort Worth 2003, pet. ref'd). The trial court's judgment recites that the court found appellant guilty "[h]aving heard the evidence submitted."[4] On this record, we will not presume a violation of the requirements of article 1.15.

The State also argues the trial court's reference, in open court, to "written plea admonishments" in plural form was sufficient to support appellant's plea of guilty for the 2008 offense. Given our disposition here, we need not address the State's contention.

---

[4] *See Schultz v. State,* 510 S.W.2d 940, 942 (Tex.Crim.App. 1974); *Sanchez v. State*, No. 01-08-00704-CR, 2010 Tex.App. LEXIS 6611 (Tex.App.—Houston [1st Dist.] Aug. 12, 2010), pet. ref'd sub nom *In re Sanchez,* No. PD-1229-10, 2011 Tex.Crim.App. LEXIS 565 (Tex.Crim.App. April 20, 2011) (both holding recitations in judgment indicated article 1.15 satisfied in absence of direct proof to contrary).

We overrule appellant's issue and affirm the judgments of the trial court.


James T. Campbell
Justice


Do not publish.